2. Having reached the conclusion that the election was legal, we think the provision in section 11 authorized him to provide for paying the expenses or costs of the appeal out of the $100 deposited with the county clerk. The section provides as follows:

"If such decision shall be adverse to the prayer of such petition, he shall, within ten days from rendering such decision, by order signed by him, direct such portions as he may deem just, of the one hundred dollars deposited with the county clerk, to be paid by such clerk to the persons in such order named, and the balance to the person or persons who deposited the same."

The order was made within 10 days from the order in which he decided that the election was legal.

3. We are of the opinion that section 1357 of the Code of Civil Procedure provides for an appeal from the orders made by the county judge, as that section authorizes an appeal from an order "affecting a substantial right, made by a court of record possessing original jurisdiction, or a judge thereof, in a special proceeding instituted in that court or before a judge thereof, pursuant to a special statutory provision." The county judge of Lewis county was a judge of a court of record having original jurisdiction and the special proceedings were brought before him "pursuant to a special statutory provision." The question was raised in Re Village of Elba, 30 Hun, 548, although it was not directly passed upon by this court when that decision was made.

4. Several other questions are raised and discussed in the brief of the learned counsel for the appellants, and are quite satisfactorily disposed of by the opinion of the learned county judge.

We think the orders appealed from should be affirmed, with costs. Order of April 4, 1892, affirmed, with costs, as upon an appeal from a judgment. Order of April 13, 1892, affirmed. All concur.

---

MANSFIELD v. RAAB et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

REVIEW ON APPEAL—WEIGHT OF EVIDENCE.
　　Where the evidence is conflicting a verdict for plaintiff will not be disturbed.

Appeal from circuit court, Queens county.

Action by Mortimer Mansfield against Barbara Raab for breach of contract. Barbara Raab having died, the action was revived against Wilhelmina Raab and William Raab, her executors. From a judgment for plaintiff entered on a verdict, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before DYKMAN and PRATT, JJ.

Kellogg, Rose & Smith, (L. Laflin Kellogg, of counsel,) for appellants.

Charles De Kay Townsend, for respondent.

DYKMAN, J. The plaintiff in this action made an agreement in writing with Barbara Raab, by which he undertook to erect a two-story and attic frame building at Bayville, Long Island, and a barn and bath house, according to certain drawings and specifications. The agreement was made on the 28th day of July, 1887, and the plaintiff commenced the execution of the contract in two or three weeks thereafter, and continued his work upon the buildings until about the middle of February, 1888, when he left. This action was commenced for the recovery of damages, based upon the claim of the plaintiff that he was wrongfully discharged by the defendant without cause, and sustained damages thereby. The cause was tried at the circuit, and a verdict rendered by the jury in favor of the plaintiff for $6,490, and the defendant has appealed from the judgment, and from an order denying a motion for a new trial, upon the minutes of the court. The testimony on the trial was conflicting and contradictory, and in many material respects irreconcilable. The evidence of the plaintiff and his witnesses proved many breaches and violations of the agreement on the part of the defendant, and improper interference with the progress of the work on the part of her brother. But their evidence was sharply contradicted by the witnesses on the part of the defendant, and a case was thus made for the determination of a jury. The case was submitted to the jury by a charge to which there were no exceptions, and which fully explained the questions for their determination, and the verdict was given for the plaintiff, as we have seen. Under such circumstances, an appellate tribunal possesses but little power. If the testimony on the part of the plaintiff commanded the belief of the jury, (as it must have done to produce such a verdict,) then it was amply sufficient. It must be assumed also that the jury failed to believe the testimony on the part of the defendant, for that was sufficient to defeat a recovery. Such being the situation, we cannot interfere with the verdict, and, as we discover no error of law in the record, the judgment and order denying the motion for a new trial should be affirmed, with costs.